IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIEU-MERCI LUBIBA,

          Appellant,

     v.

ANDREA LEE,

          Respondent.

No. 88202-3-I

DIVISION ONE

UNPUBLISHED OPINION

CHUNG, J. — Dieu-Merci Lubiba appeals the denial of a protection order he sought against Andrea Lee and the award of CR 11 sanctions against him. Lubiba has not provided this court with a sufficient record to review most of his claims. As to his other claims, they are either not properly before us or he fails to demonstrate error. Therefore, we affirm.

BACKGROUND

Andrea Lee is Lubiba's ex-wife's aunt. In May 2024, Lee testified on her niece's behalf in Lubiba's dissolution trial. In December 2024, Lubiba petitioned for a protection order against Lee, alleging Lee repeatedly harassed and threatened him and his son.[1] Throughout January and February 2025, the court continued the hearing on Lubiba's petition because Lubiba had not served Lee. Lubiba re-filed his petition multiple times in

---

[1] The clerk's papers in this case do not include the December 2024 protective order petition that initiated this action, which is in violation of RAP 9.6(c)(1)(C). The earliest version of the petition before this court is from January 6, 2025, which we use as reference as to the issues raised in the initial petition.

those two months and filed an "updated" motion for a protection order on February 21, 2025.

On February 28, 2025, Lee filed a formal response denying the allegations in Lubiba's petition, writing that she believed Lubiba was targeting her as a means to harass his ex-wife. Lee asserted, "I believe this Petition was brought in bad faith - it has no supporting evidence, parts of it don't even make sense and certainly cannot meet the burden of preponderance of the evidence, and it is not warranted by existing law." Lee also sought CR 11 sanctions and attorney fees. Lubiba replied on March 3, 2025, and included as an exhibit a purported "audio recording of Andrea Lee's Verbal Threats."[2]

A hearing on the full protection order was held on March 7, 2025, before a King County Superior Court commissioner. The commissioner denied Lubiba's petition and Lee's request for sanctions. Ten days later, Lee moved to revise the order that denied her request for sanctions. A hearing before a King County Superior Court judge was set for March 28. Lubiba did not appear. The hearing was re-set for April 24. Again, Lubiba did not appear, nor did Lubiba file a response or objection to Lee's motion for revision. The court proceeded with the hearing in Lubiba's absence and granted Lee's motion, finding that the commissioner erred in denying Lee's request for sanctions and attorney fees. The same day, the court entered a judgment for attorney fees and costs associated with the CR 11 sanctions. The court also entered a modified version of the order denying Lubiba's petition, adding language that Lee was entitled to fees.

On May 19, 2025, Lubiba filed 24 documents in this court, including a notice of appeal referencing two separate trial court orders—the denial of his petition for a

---

[2] This court was not provided with an audio recording.

protection order and an order in another case related to his ex-wife's petition to modify a parenting plan—two "emergency" motions, and pleadings related to the petition to modify a parenting plan. On May 29, 2025, Lubiba filed another notice of appeal in the instant matter, challenging the order denying his petition for a protection order and the award of sanctions and attorney fees. This court separated the matters, determining the family law matters were interlocutory and to be treated as issues for discretionary review, while the orders regarding the petition for a protection order and CR 11 sanctions were final and appealable under RAP 2.2(a)(1).[3]

Over four months after filing the instant notice of appeal, Lubiba filed a CR 60(b) motion in the trial court on October 2, 2025, to vacate the trial court's April 24 orders in the protection order matter. On October 20, the trial court struck the motion for failure to comply with King County Local Family Law Rule 5(e)(2) and 5(b)(1) concerning motions to vacate and the word count limit in King County Local Civil Rule 7(b)(5)(B)(vi), explicitly stating it "neither grants nor denies" the motion.

DISCUSSION

Pursuant to the ruling of a commissioner of this court, the scope of this appeal is limited to the trial court's denial of Lubiba's petition for a protection order and the trial court's order granting CR 11 sanctions and attorney fees to Lee. Lubiba raises the following assignments of error in his opening brief: (1) "Improper Reliance on Unspecified 'Additional Evidence' in Violation of CR 11, CR 43, and RAP 9.1;" (2) "Denial of [Americans with Disabilities Act (ADA)] Accommodations and Procedural Due Process Violations;" (3) "Failure to Make Required Findings under CR 11 and Bryant v.

---

[3] This court later denied Lubiba's emergency motions in the family law matter.

3

Joseph Tree;" (4) "Improper Denial of Protection Order Without Evidentiary Review;" (5) "Striking of Post-Judgment Motion to Vacate Without Adjudication;" (6) "Use of CR 11 to Chill Protective Petitions, Contrary to Public Policy;" (7) "Improper Use of Cross-Docket Material Without Notice;" (8) "Judicial Bias, Prejudgment, and Appearance of Impropriety;" (9) "Failure to Address Conflict of Interest and Dual Representation;" (10) "Improper and Duplicative Fee Awards;" (11) "Failure to Make Findings on Immigration-Based Threats;" (12) "Failure to Protect Minor Child in Violation of RCW 26.09.002;" and (13) "Cumulative Pattern of Structural Due Process Denial."

It is the appellant's burden to perfect the record on appeal so that we have all information and evidence relevant to the issues raised. See RAP 9.2(b); Yorkston v. Whatcom County, 11 Wn. App. 2d 815, 824, 461 P.3d 392 (2020). On appeal, Lubiba did not provide this court with a verbatim report of proceedings. Instead, under RAP 9.1(b) and 9.3, Lubiba submitted a five-page "Narrative Report of Proceedings." While such "[a]lternative methods of reporting trial proceedings are permissible," they must "place before the appellate court an equivalent report of the events . . . from which the appellant's contentions arise." State v. Jackson, 87 Wn.2d 562, 565, 554 P.2d 1347 (1976). "When an appellant fails to so perfect the record, we are necessarily compromised in our ability to fairly evaluate the findings in light of that record." Yorkston, 11 Wn. App. at 824. In such instances, a "court may decline to reach the merits of an issue." Id.

As to Lubiba's assignments of error 6, 7, 8, 9, and 13,[4] he fails to satisfy his obligation to provide the relevant referenced documents and record sufficient for this

---

[4] Assignment of error 6 argues that the trial court's sanctions "were retaliatory and designed to chill [Lubiba's] access to protection" based on comments allegedly made by Commissioner Cloutier and

court to review his claims. He also fails to provide citations to the record and argument to support these claims as required by RAP 9.2. Accordingly, we decline to address assignments of error 6, 7, 8, 9, and 13.

Lubiba's remaining assignments of error concern the two challenged trial court orders this court previously ruled are within the scope of this appeal: (1) the denial of Lubiba's petition for a protection order, addressed in assignments of error 4, 11, and 12; and (2) the order granting Lee's motion to revise the award of CR 11 sanctions and fees against Lubiba, addressed in assignments of error 1, 2, 3, and 10. Assignment of error 5 challenges the trial court's striking of Lubiba's CR 60(b) motion to vacate the trial court's April 24 orders in the protection order matter. We address these challenges in turn below, as well as Lee's request for attorney fees on appeal.

A.  Denial of Petition for Protection Order

First, we address Lubiba's challenges to the trial court's denial of his petition for a protection order. "The decision to grant or deny a protection order is reviewed for an abuse of discretion." In re Marriage of Stewart, 133 Wn. App. 545, 550, 137 P.3d 25 (2006). "An abuse of discretion is found when a trial judge's decision is exercised on untenable grounds or for untenable reasons, or if its decision was reached by applying the wrong legal standard." Maldonado v. Maldonado, 197 Wn. App. 779, 789, 391 P.3d 546 (2017).

---

Judge Ferguson. Assignment of error 7 asserts that the trial court "improper[ly] use[d] [ ] cross-docket material without notice . . . by applying a March 14 gag/litigation restriction (Dkt. #882) from a different case to procedurally suppress [Lubiba] in this one." Assignment of error 8 asserts that the trial court demonstrated judicial bias when it "refer[ed] to [Lubiba] as a 'vexatious litigant' at the March 28, 2025, hearing." Finally, assignments of error 9 and 13 assert broad patterns of judicial conduct. See assignment of error 9 ("Failure to Address Conflict of Interest and Dual Representation"); assignment of error 13 ("Cumulative Pattern of Structural Due Process Denial").

Here, the Narrative Report of Proceedings does not include the contents of the parties' testimony or of the court's reasoning in denying Lubiba's protection order. The Narrative Report of Proceedings from this hearing, in its totality, is as follows:

March 7, 2025 - Protection Hearing

Judicial Officer: Pro Tem Commissioner Cloutier

Appearances: Petitioner pro se with interpreter; Respondent by counsel Andersson.

PETITIONER: Argues threats by Respondent ("get you killed," "out-money you"); references audio filed 3/6/25 and Declaration of Andrick M. (Dkt. 42). Requests protective relief.

RESPONDENT'S COUNSEL: Denies threats; argues Respondent is not a qualifying family member under RCW 7 .105. Requests dismissal and CR 11 sanctions.

COURT: Finds Petitioner not credible; states no audio in file. Denies petition (Dkt. 44); denies CR 11 fees to Ms. Lee. Awards $3,544 in fees to Ms. Darling (related case).

The "Clerk's Papers" contain the court's denial order, which states in its finding of insufficient evidence, "The Court's oral ruling is incorporated by reference." To the extent the ruling relied on the court's finding that Lubiba was not credible, we do not review credibility determinations on appeal. Greene v. Greene, 97 Wn. App. 708, 714, 986 P.2d 144 (1999). And without more information about the hearing and the referenced ruling—such as the specific testimony as to the alleged threats by Lee, the audio file, or the court's oral ruling—we cannot determine whether the trial court's reasoning was untenable. Nor did Lubiba provide the information necessary for this court to review his claims, including assignments of error 4 ("Improper Denial of Protection Order Without Evidentiary Review"), 11 ("Failure to Make Findings on Immigration-Based Threats"), and 12 ("Failure to Protect Minor Child in Violation of

RCW 26.09.002"). Accordingly, we cannot review Lubiba's claims of error concerning the court's denial of his petition for a protection order. See Matter of Guardianship of L.C., 28 Wn. App. 2d 766, 778, 538 P.3d 309 (2023) ("The parties did not provide this court with transcripts of any of the pretrial hearings. Without those records, we cannot review the father's claim of error.").

### B. CR 11 Award of Attorney Fees and Sanctions against Lubiba

Lubiba also challenges the trial court's award of attorney fees and sanctions under CR 11. We review decisions granting or denying CR 11 sanctions for abuse of discretion. Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 338-39, 858 P.2d 1054 (1993). Lubiba argues that the trial court abused its discretion because it imposed sanctions "without (1) specific findings, (2) evidentiary support, and (3) an adversarial hearing," citing "Biggs v. Vail, 124 Wn.2d 193 (1994)" and "Bryant v. Joseph Tree, 119 Wn.2d 210 (1992)."[5] These cases do not articulate the test that Lubiba advocates. Further, based on the limited record on appeal, we cannot conclude that the trial court here abused its discretion regarding its obligations under Bryant and Biggs.

Due process in the CR 11 context "requires notice and an opportunity to be heard." Bryant v. Joshua Tree, 119 Wn.2d 193, 224, 876 P.2d 448 (1994). Lubiba was given notice twice and was given the opportunity to be heard as to the CR 11 sanctions twice, but he did not appear. He does not provide argument as to how, given the notices

---

[5] The correct citation to the Bryant case is Bryant v. Joshua Tree, 119 Wn.2d 193, 224, 876 P.2d 448 (1994).

and opportunities, the trial court ran afoul of <u>Bryant</u> when it conducted the hearing in Lubiba's absence.[6] Accordingly, his due process claim fails.

As to the requirement to make factual findings, our Supreme Court held in <u>Biggs v. Vail</u> that a trial court must "make explicit findings as to which filings violated CR 11, if any, as well as how such pleadings constituted a violation." 124 Wn.2d 193, 202, 876 P.2d 448 (1994). Even without the benefit of the trial court's oral ruling, the trial court's written order meets the requirements under <u>Biggs</u>. The order stated that Lubiba violated CR 11 when he "knowingly engaged [Lee] in this action" by filing his petition, and such conduct violated CR 11 because the petition "set forth claims that were not grounded in fact, nor warranted by law." Even the limited record before this court demonstrates that the trial court's findings were sufficiently explicit as required by <u>Biggs</u>.

Contrary to Lubiba's claims, neither <u>Bryant</u> nor <u>Biggs</u> requires the trial court to demonstrate the "evidentiary support" of its findings in a CR 11 ruling. Thus, we reject the claim in the third assignment of error ("Failure to Make Required Findings under CR 11 and Bryant v. Joseph Tree").

Even if either case so required, Lubiba failed to provide a record sufficient for this court to determine whether the trial court here failed to make such findings. The Narrative Report of Proceedings from the April 24, 2025, hearing on the motion for revision does not include the contents of the parties' testimony or of the court's reasoning. The Narrative Report states in its entirety as follows:

April 24, 2025 - Motion for Revision

Judicial Officer: Judge Ferguson

---

[6] Lubiba alleges his lack of appearance is due to the fact that he "requested ADA accommodations and was under gag-order in related case." There is no evidence related to this request in the appellate record. Thus, we cannot review Lubiba's claim that his exclusion violated the ADA.

Appearances: Petitioner not present (states he requested ADA accommodations and was under gag-order in related case Dkt. 882); Respondent by counsel Andersson.

RESPONDENT'S COUNSEL: Argues Petitioner's filings not grounded in fact/law. Requests sanctions and fees.

THE COURT: States proceeding de novo. Questions counsel about allegations of threats (including death and immigration). Counsel denies. No findings entered on threats. Court references "additional evidence" but identifies none.

RULING:
1. Motion for Revision GRANTED; Commissioner's denial of CR 11 reversed (Dkt. 65).
2. CR 11 Fees/Costs GRANTED; judgment entered for Respondent (Dkts. 60, 67).
3. Petition for Protection DENIED (Dkt. 66).
4. Court notes Petitioner's non-appearance.

This summary is insufficient for this court to scrutinize the evidence the trial court considered, including the "unspecified 'additional evidence' " Lubiba asserts the trial court erroneously relied upon in his first assignment of error. Similarly, as to Lubiba's second assignment of error—"Denial of ADA Accommodations and Procedural Due Process Violations"—Lubiba does not provide this court with a record of any ADA requests or denials, so we cannot review the merits of his claim that the court violated the ADA or his due process rights by proceeding with the revision hearing in his absence.

Further, Lubiba's tenth assignment of error asserts that the court's fee awards on March 7 and April 24 were duplicative. The commissioner awarded fees on March 7 after denying Lubiba's petition, and on April 24, the court awarded fees after granting Lee's motion for revision of its March 7 denial order. The April 24 fee award was not duplicative, as it included the fees Lee accrued both in responding to the petition for

9

protection order and in bringing her successful motion for revision. Lubiba fails to demonstrate that the trial court abused its discretion by awarding sanctions and attorney fees under CR 11.

Lubiba also challenges the trial court's order striking his motion to vacate the trial court's April 24 orders in the protection order matter under CR 60(b). However, Lubiba did not identify the trial court order striking the motion to vacate in either of his notices of appeal. Thus, this claim is not properly before this court, and we decline to consider it.[7]

C. Lee's Request for Attorney Fees

RAP 18.9 allows this court to sanction a party that "files a frivolous appeal," fails to comply with the Rules of Appellate Procedure, or uses the rules "for the purpose of delay." RAP 18.9(a). Lee seeks attorney fees on appeal, arguing that Lubiba's appeal is frivolous and Lee is entitled to "attorney fees as sanctions under RAP 18.9." An appeal is frivolous when it "cannot be supported by any rational argument on the law or facts." Orwick v. Fox, 65 Wn. App. 71, 90, 828 P.2d 12 (1992). Determining whether an appeal is frivolous requires an examination of "the record as a whole." Id. "Any doubts as to whether the appeal is frivolous will be resolved in favor of the appellant." Id. Because

---

[7] While we decline to address the merits of his claim, we note that in support of this argument, Lubiba inaccurately cites to "Black v. State, 197 Wn. App. 521 (2016)" for the proposition that "refusal to resolve timely post-judgment motion constitutes denial of process." In fact, page 521 of volume 197 of the Washington Appellate Reporter is to the dissent of Inland Empire Dry Wall Supply Co. v. W. Sur. Co., 197 Wn. App. 510, 389 P.3d 717 (2017). Further, substantively, neither case he cites to supports the propositions he claims. Compare Inland Empire Dry Wall Supply Co., 197 Wn. App. at 511-12 (addressing the appropriate party to sue when a claim is filed against a lien release bond), and Black v. State, 67 Wn.2d 97,98, 406 P.2d 761 (1965) (concerning the validity of a retail sales tax), with "Black v. State, 197 Wn. App. 521 (2016) (refusal to resolve timely post-judgment motion constitutes denial of process)." Self-represented litigants are "bound by the same rules of procedure and substantive law as attorneys." Westberg v. All-Purpose Structures Inc., 86 Wn. App. 405, 411, 936 P.2d 1175 (1997). And attorneys in Washington have a duty of candor to the tribunal that prohibits misleading the tribunal by providing false statements of law or fact. See In the Matter of Disciplinary Proceeding Against Jensen, 192 Wn.2d 427, 442, 430 P.3d 262 (2018) ("RPC 3.3(a)(1) prohibits lawyers from knowingly making or failing to correct false statements of material fact or law to a tribunal. RPC 8.4(c) prohibits lawyers from 'engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation.' ") (alteration in original).

we cannot review Lubiba's claims on their merits due to the unperfected record, we cannot determine whether Lubiba's claims are frivolous. Accordingly, we decline to award attorney fees to Lee.

CONCLUSION

Affirmed.

_____
Chung, J.

WE CONCUR:

_____          _____